# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**ANDREW SCHMIDT**                                   **CASE NO. 6:15-CV-02526 (LEAD)**
                                                     *Applicable to All Member Cases*

**VERSUS**                                           **JUDGE ROBERT G. JAMES**

**CAL DIVE INTERNATIONAL,**                          **MAGISTRATE JUDGE WHITEHURST**
**INC, ET AL.**

## RULING

Pending before the Court are two motions for reconsideration. [Doc. Nos. 91, 92]. Plaintiffs Andrew Schmidt, Joseph Walker, Thomas Edwards, and Thomas R. Edwards, Inc. move the Court to reconsider and vacate its prior Ruling and Order [Doc. Nos. 89, 90], whereby the Court dismissed all claims of Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 92] Defendant Underwriters Severally Subscribing to Lloyds Policy PE 09030008 ("Defendant" or "Underwriters")[1] moves the Court to amend the same Ruling and Order, such that the dismissal is "with prejudice" rather than "without prejudice." [2] For the reasons that follow, the Motion for Reconsideration filed by Plaintiffs [Doc. No. 92] is DENIED, and the Motion for Reconsideration filed by Defendant [Doc. No. 91] is GRANTED.

## I.    Standard of Review

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such motions

---

[1] The second Motion for Reconsideration was originally filed by all Defendants. However, subsequent to submission of the motion, Plaintiffs settled all claims with Kyle Schonekas, Joelle Evans, Andrea Timpa, and the firm of Schonekas, Evans, McGoey and McEachin, LLC and dismissed those Defendants with prejudice. [Doc. Nos. 96, 97]. Thus, Underwriters is the only Defendant remaining in this matter.

[2] The underlying Ruling and Order for which the parties seek reconsideration was issued by the Honorable Rebecca F. Doherty prior to her retirement.

are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e), or a motion for relief from a judgment or order under Rule 60(b). *Id.* Rule 59(e) governs when the motion for reconsideration is filed within twenty-eight days after entry of judgment; otherwise, the motion is governed by Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). In this matter, because the Motions for Reconsideration were filed within twenty-eight days after entry of Judgment, the Court construes the motions under Rule 59(e).

"A rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. Rather, amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy* at 182. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet* at 479.

While a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under Rule 59(e), such discretion is not limitless. *Id.* at 479 (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). The Fifth Circuit has identified two judicial imperatives relating to such a motion: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* (citing *Lavespere* at 174).

## II.    Plaintiffs' Motion for Reconsideration

Plaintiffs argue: (1) they set forth sufficient facts in their Complaint to state claims against Defendants; (2) the Court erred in finding the language published by Defendants with regard to attorneys Thomas Edwards and Joseph Walker was not defamatory; (3) the Court's failure to conduct any analysis of whether defamatory language was used against Plaintiff Schmidt warrants reconsideration; (4) Plaintiffs adequately pleaded Defendants acted with malice; (5) the Court erred in finding the statements at issue were protected by a qualified privilege, because the facts alleged do rise to the level of "reckless disregard" and constitute an abuse of the privilege; (6) the Court erred in finding Plaintiffs had not stated a claim for intentional infliction of emotional distress; (7) the Court erred in finding Plaintiffs failed to state a claim of tortious interference with a contract; (8) the Court erred in finding Plaintiffs failed to state a claim for breach of contract; (9) the Court erred in finding Plaintiffs failed to state a claim for punitive damages; and (10) the Court erred in not imposing sanctions against Defendants. Defendant opposes the motion, contending Plaintiffs have failed to show any manifest errors of law or fact in the Court's Ruling, and further asserting Plaintiffs' arguments are a "mere rehashing of the arguments that were made in the briefing regarding the Motions to Dismiss," and therefore the Motion for Reconsideration should be denied. [Doc. No. 94 at 5].

Having considered Plaintiffs' arguments, the Court finds no basis to alter, amend or rescind its previous Ruling and Judgment. Accordingly, Plaintiffs' Motion for Reconsideration [Doc. No. 92] is DENIED.

## III.    Defendant's Motion for Reconsideration

Defendant moves the Court to amend its Ruling and Order "to change the dismissal of this suit from 'without prejudice' to 'with prejudice.'" [Doc. 91-1 at 3]. Defendant argues, "The

grounds for the Court's dismissal of all claims in this matter show that the dismissal was one 'on the merits,' which Defendant[] believe[s] warrants a dismissal <u>with</u> prejudice." *Id.* at 2 (emphasis in original). Plaintiffs oppose the motion, arguing whether to grant a motion to dismiss with or without prejudice is within the Court's "inherent powers," and therefore Defendant's motion should be denied. [Doc. No. 95 at 4] As the dismissal in this matter was an adjudication on the merits, the dismissal should be with prejudice. *See e.g. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *Csorba v. Varo, Inc.*, 58 F.3d 636 (5th Cir. 1995). Accordingly, Defendant's Motion for Reconsideration [Doc. No. 91] is GRANTED.

**IV.     Conclusion**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration [Doc. No. 92] is DENIED, and Defendant's Motion for Reconsideration [Doc. No. 91] is GRANTED. Accordingly, the Court's prior Ruling and Order [Doc. Nos. 89 & 90] are AMENDED to reflect the dismissal of Plaintiffs' claims is WITH PREJUDICE.

Signed in Monroe, Louisiana, this 20th day of June, 2018.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**